a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LAMONT JOHNSON #314545, Petitioner | CIVIL DOCKET NO. 5:24-CV-00536 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| MICHELLE DAUZAT, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Lamont Johnson ("Johnson"). Johnson is incarcerated at the David Wade Correctional Center in Homer, Louisiana. Johnson challenges his conviction in the First Judicial District Court, Caddo Parish.

Because Johnson's Petition is second and successive, it should be DISMISSED for lack of jurisdiction.

I. Background

Johnson was convicted of two counts of aggravated rape. *State v. Johnson*, 778 So.2d 706 (La. App. 2d Cir. 2001), *writ denied*, 810 So.2d 1153 (La. 2002). The trial court imposed the mandatory life sentence on each count, consecutively. The convictions and sentences were affirmed on direct appeal. *Id.*

Johnson filed a § 2254 Petition in this Court after pursuing post-conviction relief in the state courts. The habeas petition was denied as untimely. *Johnson v. Warden*, 5:05-CV-286, 2007 WL 2350243 (W.D. La. 2007). The United States Court

1

of Appeal for the Fifth Circuit denied Johnson's request for a certificate of appealability. *Id.* at ECF No. 31.

Johnson alleges that he received ineffective assistance of counsel because his attorney failed to consult with him or investigate the case prior to trial and failed to present exculpatory evidence at trial. Johnson asserts that he was prevented from raising the claims until now due to "unlawful state action." ECF No. 1 at 5.

II.    Law and Analysis

Johnson argues that his Petition is not untimely because § 2244(d)(1)(B) provides that the one-year limitations period for filing a habeas petition may run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." *Id.* Johnson alleges that he was unable to present a claim of ineffective assistance of counsel due to a Louisiana rule of appellate procedure that prevents indigent prisoners from raising ineffective assistance claims on direct appeal. ECF No. 1-2 at 7. Johnson asserts that this rule is an "impediment" created by the state. *Id.*

An ineffective assistance of counsel claim is generally addressed through an application for post-conviction relief rather than by direct appeal. *See State v. Fisher*, 19-488 (La.App. 5 Cir. 6/24/20, 10–11); 299 So.3d 1238, 1247, *writ not considered*, 2021-00882 (La. 11/3/21); 326 So.3d 888 (citation omitted). However, when the record on appeal contains sufficient evidence to rule on the merits of the claim and the issue is properly raised in an assignment of error on appeal, the claim may be addressed in

the interest of judicial economy. *Id.* (citing *State v. Boston*, 14-632 (La. App. 5 Cir. 12/16/14), 167 So.3d 82, 88). Johnson's ineffective assistance claim was raised and adjudicated on appeal. *Johnson*, 778 So.2d at 711. Thus, he was not prevented from raising the claim. If fact, he had an opportunity to present additional ineffective assistance claims in an application for post-conviction relief.

Furthermore, the issue of timeliness is irrelevant here because Johnson previously filed a § 2254 Petition, in which he raised one of the ineffective assistance claims. *See* Case No. 5:05-CV-286 (W.D. La.), ECF No. 1. Johnson previously alleged that his attorney was ineffective by failing to consult with him and investigate the case. Under § 2244(b)(1), a claim that was presented in a prior § 2254 petition shall be dismissed.

Johnson's first § 2254 Petition did not include the ineffective assistance claim regarding exculpatory evidence. However, according to § 2244(b)(2), a claim presented in a § 2254 petition that was not presented in a prior petition shall be dismissed unless: "(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty

of the underlying offense." 28 U.S.C. § 2244(b)(2). Johnson does not allege either circumstance is applicable.

Because Johnson presented, or could have presented, his ineffective assistance claims in his previous Petition, and he fails to meet the requirements of § 2244(b)(2), his Petition is second and successive.

Even if Johnson could meet the requirements of § 2244(b)(2), the Petition would still be subject to dismissal because Johnson failed to obtain authorization to file a Petition from the Fifth Circuit. 28 U.S.C. § 2244(b)(3).

### III. Conclusion

Because Johnson's Petition is second and successive and he has not obtained authorization from the Fifth Circuit, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Tuesday, June 4, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE